DONE and SIGNED October 3, 2014.



_____
HENLEY A. HUNTER
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

IN RE: CRECIA BOYETTE                     CASE NO:     12-31869

REASONS FOR DECISION ON OBJECTION TO CLAIM

Before the Court is debtor's objection to the claim of Donald Magee, who filed a priority claim for $29,320.95 and therein asserted the basis is "Domestic Support." (See Claims Register, Case no. 12-31869, Claim #6.) Pursuant to the following reasons, the Objection is sustained in part and overruled in part. This Court has jurisdiction pursuant to 28 U.S.C. §1334 and by virtue of the reference by the District Court pursuant to Local District Court Rule 83.4.1 incorporated into Local Bankruptcy Rule 9029.3. No party at interest has sought to withdraw the reference and the district court has not done so on its own motion. Because this matter concerns allowance/disallowance of a claim against the estate, it is designated a core proceeding pursuant to 28 U.S.C. §157(b)(2)(B). This Court makes the following findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.[1]

---

[1] In the event of an appeal, the court alternatively submits these proposed conclusions of law and fact to the district court as a Report and Recommendation.

## Facts of the Case

Debtor filed a voluntary petition under Chapter 13 on October 15, 2102, which is silent as to any domestic support obligation. The claimant is the debtor's former spouse, Donald Magee, whom debtor listed as the holder of an *unsecured nonpriority* claim on schedule F in the amount of $31,724.28 based on "Lawsuit/Docket #94727 `I´." (Doc. #1.) The original plan was confirmed without objection on December 12, 2012 (Docs. #3,16.) Similarly, the plan makes no reference to the existence of any domestic support obligation, inasmuch as the response to §§(7) regarding Domestic Support Obligation (DSO) is "NONE." (Doc. #3.) The plan proposes to pay a total of $96.37 to all non-priority general unsecured claims *pro rata.* Having filed no objection to confirmation and after the plan was confirmed, Donald R. Magee filed the proof of claim at issue on December 20, 2012, before the bar date of February 19, 2013, asserting the claim is entitled to priority status as a Domestic Support Obligation under 11 U.S.C.§507(a)(1)(A) or (a)(1)(B). Shortly thereafter, Donald R. Magee died on February 20, 2013.

On June 24, 2014, debtor filed this Objection to the claim and noticed same for a hearing on July 24, 2014. (Doc.#19.) Counsel for Alena Rae Magee, the independent executrix of the succession of Donald Ray Magee, appeared to defend the claim. The hearing was continued to August 28, 2014, a which time a certified copy of the Reasons for Judgment rendered by the 22nd Judicial District Court, Parish of Washington, State of Louisiana, Docket 9427 "I," rendered on May 8, 2008 was offered as Joint Exhibit #1. Each party was given an opportunity to file a brief and the hearing was continued to September 25, 2014.

Briefs were filed by both parties. Additionally, Alena Rae Magee, as the independent executrix of the succession of Donald Ray Magee, filed a Motion to Substitute Parties on September 10, 2014, and that Motion was granted. (Docs. #23,24.)

The Reasons for Judgment note that the action was for the partition of the former community between the parties following a divorce action commenced in 2006, resulting in a judgment on June 11, 2007. There was no prenuptial agreement, so the court found that the parties were subject to the applicable laws regarding a community of acquets and gains in Louisiana. However, it concluded that the immovable property purchased by Donald Ray Magee was his separate and paraphernal property. Ultimately, the Court concluded that each party to the community was due one-half the

value of the community or $10,796.50 and debtor owed a total of $29,320.95 to Donald Ray Magee after an adjustment for an automobile.[2]

## Law and Analysis

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 created the term "domestic support obligation" (DSOs) to encompass claims for alimony, maintenance or support and, in doing so, expanded the definition of such debts under 11 U.S.C. §507(a)(7), and raised their rank in priority. But it left 11 U.S.C. §1322(a)(2) unchanged, so that the plan must provide for the full payment of DSOs. However, financial obligations imposed in a divorce that do not qualify as a DSO need not be paid in full as required by 1322(a). While this distinction does not avail a Chapter 7 debtor, for whom non-DSO financial obligations are non-dischargeable, a debtor who successfully completes a plan may discharge a DSO that is not entitled to priority under §1328(a)(2). *In re Charlton*, 2008 W.L 5539789 (Bankr.D.Kan. 2008.)

In *Matter of Howard*, 972 F.2d 639 (5th Cir. 1992), the Fifth Circuit held that it is the duty of debtor's counsel to examine the claims and, if necessary, file an objection, notwithstanding the fact that an order of confirmation may have already been entered, and no objection to confirmation had been filed. A claim is deemed allowed under 11 U.S.C. § 502(a) unless an objection is filed. If an objection is filed, "the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of its petition, and shall allow such claim in such amount except to the extent that- (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." A claim may be disallowed to the extent it is unenforceable for a reason other than the claim being contingent or unmatured. 11 U.S.C. § 502(b)(1). State law controls the validity of the claim. *Matter of Ford*, 967 F.2d. 1047 (5th Cir. 1992). It follows that if under state law, the claim is unenforceable against the debtor, that unenforceability, *vel non*, can be established by post-filing events under § 502(b)(1). 11 U.S.C. § 558.

---

[2]No interest is fixed by the judgment, so there is no explanation of the difference between the amounts shown in the judgment and the proof of claim. However, a debt for a domestic support obligation may bear interest as applicable under non-bankruptcy law. 11 U.S.C. §101(14A).

3

F.R.B.P. 3001(f) and 11 U.S.C. §502(a) provide that a claim or interest as to which proof is filed is "deemed allowed," and the burden of initially going forward with the evidence as to the validity and the amount of the claim is that of the objector to that claim, i.e., the allegations of the proof of claim are taken as true and establish the prima facie claim. If an objection is filed, the objector must produce evidence and show facts tending to defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves, however the ultimate burden of persuasion is always on the claimant. If the objector presents sufficient evidence to rebut the claimant's prima facie case, it remains for the claimant to prove the claim as to its validity and as to its amount and not for the objector to disprove it, thus the burden of ultimate persuasion rests on the claimant to prove that his claim is appropriate for purposes of sharing in the distribution of the debtor's assets. That proof must be by a preponderance of the evidence, and it is for the bankruptcy judge to determine whether or not that has been achieved, with due regard being given to the probative value of the proof of claim itself. *See* Collier on Bankruptcy, 16th Edition, Vol. 4, § 502.02.[3][f].

Through the Objection, the supporting brief and in oral argument at the hearing, counsel to the debtor asserted a variety of challenges to the validity of the claim, each will be addressed herein.

*The debt underlying the claim is not extinguished by the death of the obligee.*

The claim is based on the May 8, 2008 Judgment of the 22nd Judicial District Court, Parish of Washington, State of Louisiana. Attached to the proof of claim is the certified copy of the May 8, 2008 Judgment. Nothing in that Judgment or in the referenced Reasons therefore, make the obligation to make the "equalizing payment of $29,320.95" contingent upon the life of the obligee. Debtor has not sought to have that valid and final state court judgment amended, vacated or modified by the issuing state court. To the extent counsel for the debtor argued that this Court should find the state court judgment to be invalid, while the Bankruptcy Court may hear and determine the allowance or disallowance of the claim filed against the estate under 28 U.S.C. §157(b)(2)(B), this Court lacks the jurisdiction to extinguish or otherwise alter that Judgment providing the basis for the claim. In fact, the filing of the petition does not operate as a stay against the commencement or continuation of any proceeding in state court to modify an order for domestic support or property division under 11 U.S.C. §362(b)(2)(A). The debtor could, without permission of this Court,

4

commence a proceeding in state court to otherwise alter the judgment creating the basis for the claim filed herein, but may not undermine the validity of the existing judgment by collateral attack in this Court.

Nevertheless, debtor asserts that the basis for the claim no longer exists according to the Louisiana Civil Code and Louisiana Code of Civil Procedure because the obligation created by the judgement was strictly personal to the plaintiff/obligee, Mr. Magee, and as such, may not be enforced by his succession.[3] First, this court notes that there is nothing strictly personal about the obligation to pay or receive a sum certain in that there is no special skill, qualification or personal service involved. Moreover, the Fifth Circuit in *In re Evert* distinguished the nature of ongoing alimony payments as opposed to a lump-sum ordered equalizing payment, where the latter was intended to equalize division of the spouses' existing property, and thus the equalizing payment owed to the debtor in that case was not exempt property. *In re Evert*, 342 F.3d 358 (5th Cir. 2003). In doing so, the Court highlighted that a hallmark characteristic of alimony and support obligations is the fact that they terminate upon the death of the obligee, and conversely, an order of property division requiring either a one-time payment or a note executed to be paid over time does not. *Id*. 342 F.3d at 369. In rejecting debtor's argument herein, this Court further relies on *In re Bullock*, 2010 WL 1780274 (Bankr.S.D.Ind. 2010), which held that an equalizing payment was a payment of a "sum certain" and therefore an obligation that did not terminate upon the remarriage of the spouse receiving support or upon her death.

*The claim is not a priority claim*.

Debtor goes on to assert that even if the claim still exists, it does not constitute a domestic

---

[3]La.Civ.Code art. 1765 establishes that an obligation is heritable when it may be enforced by a successor to the obligee.
La.Civ.Code art. 1766 provides, "An obligation is strictly personal when its performance can be enforced only by the obligee, or only against the obligor. When the performance requires the special skill or qualification of the obligor, the obligation is presumed to be strictly personal on the part of the obligor. All obligations to perform personal services are presumed to be strictly personal on the part of the obligor. When the performance is intended for the benefit of the obligee exclusively, the obligation is strictly personal on the part of that obligee."
To the extent debtor relies on La.Code Civ.Pro. Art 428, regarding abatement of an action on the death of a party, the Court finds this is a misapplication of the article, since the succession of Mr. Magee is not attempting to pursue a cause of action, but collect on one already reduced to final judgment.

support obligation as defined by the Bankruptcy Code. Debtor argues that the similarity of the language in 11 U.S.C. §101(14A)(B) of "alimony, maintenance or support" and Louisiana Civil Code Article 230 defining alimony as "what is necessary for the nourishment, lodging and support of the person who claims it" limit the recovery by the claimant's heirs or, similarly, the enforcement of the claim by a succession representative.

Debtor cites *In re Jimenez*, in support of her objection. There, the court addressed the proof of claim filed by debtor's former spouse as a domestic support obligation, which asserted it was entitled to priority under 11 U.S.C. §507(a)(1)(A). *In re Jimenez*, 2013WL4055856 (9th Cir. BAP (Cal.)). Debtor had listed the claim for $245,000.00 on Schedule E as a domestic support obligation. The Chapter 13 Trustee objected to plan confirmation on the basis that the claim could not be paid within 60 months if it were, indeed, entitled to priority status. Debtor objected to the claim on the basis that the payment at issue was, as is the case here, an equalizing payment rather than one for support. The court addressed whether or not the equalizing payment was entitled to priority status under 11 U.S.C. §507(a)(1) as defined by §101(14A). The court determined that the equalizing payment was "a debt (1) that accrued before the order for relief in debtor's chapter 13 case, (2) that is owed to his former spouse...(3) that was established prepetition by reason of applicable provisions of a 'divorce decree....or property settlement agreement,' and (4) has not been assigned to a non-governmental entity." *Id.* at p.3.

In this case, the parties have submitted the Reasons for Judgment of the trial court. It is notable that the issue of support or alimony was never discussed, the sole issue before the state court being the partition of the community property. Similarly, there is no ambiguity in the Judgment for the plaintiff/creditor Mr. Magee as it clearly states the defendant shall make an "equalizing payment." Thus, this Court concludes that the "equalizing payment" was exactly that, and that it is not entitled to priority under 11 U.S.C. §507(a)(1). There is nothing to distinguish this debt from any other monetary obligation owed the decedent. Put another way, there is no evidence that the debt owed is anything other than a lump-sum equalizing payment.

*The Order allowing the substitution of the succession representative was properly granted.*

The succession representative asserts that F.R.B.P. 7025, applying Federal Rule of Civil Procedure 25, allows for the substitution of the claimant by a decendent's successor or representative

6

by a motion within 90 days after service of the first statement in the record of the death. Since the debtor's objection was filed and served on June 24, 2014, and is the first statement in the record of the creditor's death, the succession representative asserted that the time period for substitution had not expired. The Court indicated that it would address whether or not the Order was improvidently granted. Congress appears to have limited the authority to assert a priority DSO claim to only certain classes of individuals. *See In re Aguirre*, 2012 WL 632400, fn.14 (Bankr.D.Idaho 2012). Some courts have applied this distinction by excluding claims asserted by barring claims asserted by anyone not listed. Other courts, however, have not, even where the obligation was in the nature of support, although asserted by a third party. Pursuant to these reasons, this debt being nothing more than an equalizing payment not in the nature of a domestic support obligation in the nature of support or alimony, the debt in question consists of nothing more than an ordinary monetary obligation. In this court's view, debtor's assertions that the debt is unenforceable by the succession representative are to no avail and. nothing would prohibit the claim being asserted by the succession representative.[4]

*The claim is unsecured under Espinosa.*

The confirmed plan under §1327 binds the debtor and all creditors regardless of the distribution to the creditor. The United States Supreme Court has held that the confirmed plan is binding on a creditor even when the terms of the plan violated another applicable provision of the bankruptcy code. *In re Espinosa*, 559 U.S. 260, 130 S.Ct. 1367 (2010). Since the confirmed plan in this case treats the claim as a general unsecured claim, this Court concludes that the Debtor's objection to the claim must be sustained in part as to the *res judicata* effect of the confirmed plan and the claim reduced to general, unsecured status.

*Debtor may not seek a determination of dischargeability in this objection.*

Finally, debtor urges the Court to hold that the claim is dischargeable under 11 U.S.C. §523(a)(15). F.R.B.P. 7001(6) establishes that a proceeding to determine the dischargeability of a debt is an Adversary Proceeding governed by the rules of Part VII, and no Adversary Proceeding in this matter has been filed. Even further, F.R.B.P. 3007(b), which states, "A party at interest shall

---

[4] In support of the Objection, counsel to debtor relies on *In re Brooks*, 371 B.R. 761 (Bankr.N.D. TX 2007). This court believes this claim is different from a claim by a law firm asserting that a claim for attorney fees is non-dischargeable and, thus, *In re Brooks* does not control the result.

7

not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding," strictly prohibits the debtor from seeking a determination of dischargeability of the debt underlying this claim through this Objection without the filing of an Adversary Proceeding governed by the applicable rules of notice, pleading and discovery. Therefore, this Court overrules that portion of the debtor's objection to the claim and denies relief in the form of a ruling on dischargeability.

## Conclusion

In accordance with the foregoing reasons, the debtor's objection to the claim is sustained in part as a *res judicata* objection based on the confirmed plan, and Claim No. 6 is reduced to unsecured as provided for in the Plan, however, the objection is overruled as to the debtor's attempt to strike the claim in its entirety. Likewise, debtor's challenge to the power of the succession representative to substitute herself as claimant is overruled. Moreover, to the extent debtor seeks relief in the form of a determination of the dischargeability of the debt underlying this claim, such relief is denied pursuant to F.R.B.P. 3007(b). A separate and conforming order will enter.

<p style="text-align:center"># # #</p>

